IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRACEY MARSHALL,  )
          )
    Plaintiff )
          )
  v.      ) Case No.: 3:19-cv-306-CWR-FKB
          )
PROGRESSIVE LEASING, ) **COMPLAINT AND DEMAND FOR**
          ) **JURY TRIAL**
    Defendant )
          )

# COMPLAINT

TRACEY MARSHALL ("Plaintiff"), by and through her attorneys, The Kittell Law Firm, alleges the following against PROGRESSIVE LEASING ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Mississippi, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Edwards, Mississippi 39066.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity not registered to do business in the State of Mississippi which may be served with process at its main office located at 256 W. Data Drive, Suite 100, Draper, Utah 84020.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or around May 2016, and continuing through around February 2018, Defendant called Plaintiff on her cellular phone on a repetitive and continuous basis.

13. During the relevant period, Defendant called Plaintiff repeatedly on her cellular phone.

2

PLAINTIFF'S COMPLAINT

14. When contacting Plaintiff on her cellular phone, Defendant used an automated telephone dialing system and automatic and/or prerecorded voice.

15. Plaintiff knew Defendant was using an automated telephone dialing system because the calls would often begin with a noticeable pause or silence with no caller on the line before calls were transferred to one of Defendant's representatives or terminated.

16. Shortly after calls started, Plaintiff first told Defendant to stop calling her, thereby revoking any consent Defendant may or may not assert it had to call.

17. Defendant heard and acknowledged Plaintiff's revocation of any applicable consent, but continued to call repeatedly.

18. When Defendant continued to call, Plaintiff was forced to make additional requests that they stop calling without success.

19. Nonetheless, the Defendant continued to call Plaintiff.

20. Plaintiff found Defendant's repeated automated calls to be invasive, harassing, frustrating, aggravating, annoying, stressful, and upsetting.

21. On information and belief, Defendant conducts its business in a manner that violates the Telephone Consumer Protection Act.

# COUNT I
# DEFENDANT VIOLATED THE
# TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and that any consent it may have thought it had to call was revoked, yet Defendant intentionally and knowingly continued to place autodialed calls to Plaintiff's cellular telephone.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TRACEY MARSHALL, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)

    e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TRACEY MARSHALL, demands a jury trial in this case.

5

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED

Date: 5/01/2019                    By: */s/  Christopher E. Kittell*
                                   Christopher E. Kittell, Esq.
                                   The Kittell Law Firm
                                   P.O. Box 568
                                   2464 Church Street, Suite A
                                   Hernando, MS 38632
                                   Phone: 662-298-3456
                                   Fax: 855-896-8772
                                   Email: ckittell@kittell-law.com